United States Court of Appeals,

Fifth Circuit.

No. 94-10236.

2225 NEW YORK AVENUE LTD., a Texas Limited Partnership by its General Partner GCJM, Inc., a Texas Corp., Plaintiff-Appellee,

v.

Henry CISNEROS, Secretary, Department of Housing and Urban Development, et al., Defendants-Appellants.

Nov. 18, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES and STEWART, Circuit Judges, and DUPLANTIER,[*] District Judge.

PER CURIAM:

This appeal turns on the construction of 42 U.S.C. § 1437f(c)(2)(C), which states:

Adjustments in the maximum rents under subparagraphs (A) and (B) shall not result in material differences between the rents charged for assisted units and unassisted units of similar quality, type, and age in the same market area, as determined by the Secretary.

* * * * * *

The Secretary may not reduce the contract rents in effect on or after April 15, 1987, for newly constructed, substantially rehabilitated, or moderately rehabilitated projects assisted under this section (including projects assisted under this section as in effect prior to November 30, 1983), unless the project has been refinanced in a manner that reduces the periodic payments of the owner.

Appellee 2225 New York Avenue, Ltd., owns and operates an apartment complex that was renovated for low-income housing pursuant to the Section 8 Moderate Rehabilitation Program, a rent subsidy program promulgated by HUD. 42 U.S.C. § 1437f. Some years after HUD approved the contractual arrangements by which appellee contracted to participate in this program, and notwithstanding the above-quoted language, HUD attempted retroactively to "correct" the initial rents provided for in the transaction. There's no contention that the project has been refinanced. The effect of this "correction" would be to lower the rents appellee was permitted to charge its low-income tenants, and thus to disadvantage appellee economically. The limited partnership filed suit for declaratory and

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

injunctive relief to halt the threatened rent rollback and prevailed before the district court.  842 F.Supp. 924.

On appeal, both parties assert arguments essentially identical to those weighed in two other recent cases before courts of appeals.  Both of those courts of appeals construed the above-quoted statutory language to forbid the position that HUD has taken.  *Terrace Housing Associates Ltd. v. Cisneros,* 32 F.3d 461 (10th Cir.1994); *Foxglenn Investors Limited Partnership v. Cisneros,* 35 F.3d 947 (1994).  We agree with the analysis and conclusions of our sister circuits and adopt them as our own.  Further writing by this court would be pointless.  For these reasons, the judgment of the trial court is *AFFIRMED.*